TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 91-713 |
| of | : | |
| | : | NOVEMBER 21, 1991 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

THE HONORABLE VICTOR J. WESTMAN, COUNTY COUNSEL, CONTRA COSTA COUNTY, has requested an opinion on the following question:

Is property owned by a city redevelopment agency exempt from property taxation if the property is located within the city's limits but outside the boundaries of any project areas of the redevelopment agency?

CONCLUSION

Property owned by a city redevelopment agency is exempt from property taxation if the property is located within the city's limits but outside the boundaries of any project areas of the redevelopment agency.

ANALYSIS

The Community Redevelopment Law (Health and Saf. Code, § 33000 et seq.)[1] provides that [t]here is in each community a public body, corporate and politic, known as the redevelopment agency of the community." (§ 33100.) "`Community' means a city, county, city and county . . . ." (§ 33002.) Before a redevelopment agency may transact business, the legislative body must declare that there is a need for the agency to function within the community. (§ 33101.) The agency is governed by five residents of the community who are appointed by the mayor of the city or the chairman of the county board of supervisors, as appropriate (§ 33110), or alternatively the legislative body may "declare itself to be the agency" (§ 33200).

---

[1]All section references are to the Health and Safety Code unless otherwise specified.

The purpose of the Community Redevelopment Law is "[t]o protect and promote the sound development and redevelopment of blighted areas" so as "to expand the supply of low- and moderate-income housing, . . . expand employment opportunities for jobless, underemployed, and low income persons" and enhance the environment for the "well-being of all citizens." (§§ 33037, 33071.)

In carrying out these purposes, the planning commission of the community and the agency select "project areas." A project area is "a predominately urbanized area of a community which is a blighted area, the redevelopment of which is necessary to effectuate the public purposes declared in this part. . . ." (§§ 33320.l, 33323.) Although a redevelopment agency does not have independent geographical boundaries as does a city or county, it does have "territorial jurisdiction." Section 33120 states:

"The territorial jurisdiction of the agency of a county is the unincorporated territory of the county, and that of a city or city and county is the territory within its limits."

In this opinion we are asked whether property owned by a city redevelopment agency which is located within the boundaries of the city but outside the boundaries of any of its project areas is exempt from property taxation. Section 3 of article XIII of the Constitution provides:

"The following are exempt from property taxation:

"(a)    Property owned by the State.

"(b)    Property owned by a local government, except as otherwise provided in Section 11(a).

". . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

Subdivision (a) of section 11 of article XIII of the Constitution in turn provides: "Lands owned by a local government that are outside its boundaries . . . are taxable  . . . ."

We first address the issue of whether a redevelopment agency is a "local government" for purposes of the property tax exemption of the Constitution. In *Redevelopment Agency* v. *County of San Bernardino* (1978) 21 Cal.3d 255, 264, footnote 4, the Supreme Court stated:

"The trial court correctly assumed that the property [of the city redevelopment agency] in question is tax exempt. Property `owned by a local government' or `belonging to . . . a county, or a city' is exempt from property taxation. (Cal. Const., art. XIII, § 3, subd. (b); Rev. & Tax. Code, § 202, subd. (a)(4).) That the City of San Bernardino only leases some of the property does not render the property taxable, for both lessee city and lessor redevelopment agency are constitutionally exempt from taxation. (See *Housing Authority* v. *Dockweiler* (1939) 14 Cal.2d 437, 454.)"[2]

As to the issue of a redevelopment agency's "boundaries" for purposes of the constitutional tax exemption, we have found no indication in the cases that the exemption of a

---

[2]Revenue and Taxation Code section 202, subdivision (a)(4) exempts from property taxation: "Property belonging to this state, a county, or a city  . . . ."

redevelopment agency is limited to a particular area of the city or county in which it is established. Nor do we find anything in the Community Redevelopment Law which would so indicate.

We believe that the boundaries of a redevelopment agency are the boundaries of the particular community involved, in this case the city's boundaries. (See § 33002.) Insofar as a redevelopment agency may be said to have boundaries, the only statute prescribing them is section 33120, quoted above, stating that an agency's territorial jurisdiction is coterminous with the "community in which it is established." This gives the agency's boundaries some degree of permanency rather than subjecting them to being changed from time to time and project to project.

Furthermore, although a redevelopment agency performs its primary functions within project areas, there are a number of provisions in the Community Redevelopment Law granting authority for an agency to operate outside of its project areas. Even before a project area is established, for example, the agency may designate "survey areas" for study as to *possible* redevelopment. (§§ 33310-33312.) An agency may accept conveyances of real property "located either within or outside a survey area" (§ 33396), may acquire "any building, facility, structure, or other improvement which is publicly owned either within or without the project area" which "are of benefit to the project area or the immediate neighborhood" (§ 33445), and may use "tax increment" funding for redevelopment activities primarily benefiting a project area but without restriction as to use of the funds within a project area (§ 33678, subd. (b)).

Significantly, a redevelopment agency may use 20 percent of its tax increment funds "to increase, improve and preserve the supply of low- and moderate-income housing within the territorial jurisdiction of the agency" and "inside or outside the project area" when "such use will be of benefit to the project." The latter may include replacement housing for persons displaced by a redevelopment project located anywhere "within the territorial jurisdiction of the agency." (See §§ 33334.2, 33334.3, 33413.)

Accordingly, we find no indication of legislative intent that the boundaries of a redevelopment agency are limited to its established project areas. Instead, the boundaries of a city redevelopment agency would be that of the city itself.[3]

We therefore conclude that property owned by a city redevelopment agency is exempt from property taxation if the property is located within the city's limits but outside the boundaries of any project area of the redevelopment agency.

* * * *

---

[3]In *Housing Authority* v. *Dockweiler* (1939)14 Cal.2d 437, 454, the Supreme Court stated that "while provisions exempting private property from taxation are to be strictly construed, the rule is otherwise as to public property which is to be taxed only if there is express authority therefor. [Citation.]"